```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――

JUAN VILLAR,

                Plaintiff,        13 Cv. 8422 (JGK)

     - against -                 **MEMORANDUM OPINION AND ORDER**

RAUL RAMOS and ZULFIGUAR BHUIYAN,

                Defendants.[1]

―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The plaintiff, Juan Villar, brings this action against defendants Dr. Raul Ramos and Dr. Zulfiguar Bhuiyan. The plaintiff, a pro se inmate, alleges that his constitutional rights were violated when he was denied medical treatment while imprisoned at the North Infirmary Command ("NIC") on Rikers Island. He brings this action pursuant to 42 U.S.C. § 1983.

The defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendants' motion is **granted** and the plaintiff's claim is **dismissed**.

                                 **I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all

―――――――――――――――

[1] The Clerk is directed to amend the caption in this case to read as reflected here. The caption previously named the defendants as "Dr. Ramon's and Dr. Bhuiyan."

1

reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of

2

Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Rush v. Fischer, 923 F. Supp. 2d 545, 548-49 (S.D.N.Y. 2013).

## II.

The following factual allegations drawn from the plaintiff's Complaint are accepted as true for purposes of this motion to dismiss.

At the time this action was filed, the plaintiff was an inmate at NIC. Compl. ¶ II.D. Dr. Bhuiyan was the plaintiff's medical doctor and Dr. Ramos was the "chief" doctor at the facility. Compl. ¶ II.D. The plaintiff alleges that he suffers from colon cancer and that upon his detention at NIC, he did not receive "chemotherapy or any type of medical care." Compl.

3

¶ II.D.  On or about October 29, 2013, the plaintiff submitted a grievance report, asserting his lack of medical care.  Compl. ¶ IV.E.; Compl., Unnumbered Ex. 3 ("Grievant's Statement Form"). According to the plaintiff, he did not receive a response to his grievance and filed an appeal.  Compl. ¶ IV.E.

The gravamen of the plaintiff's Complaint appears to be that the defendants were deliberately indifferent to his medical needs in violation of his constitutional rights.  The plaintiff seeks $100,000 in compensatory damages.

The plaintiff brought this action on November 22, 2013. During a telephone conference on September 4, 2014, the Court informed the plaintiff of the opportunity to file an amended complaint, but the plaintiff declined to do so.  The defendants filed this motion to dismiss on October 28, 2014.[2]

### III.

#### A.

The defendants advance several reasons why they are entitled to dismissal for failure to state a claim upon which relief can be granted.  At the outset, the defendants argue that the claim should be dismissed because the plaintiff has not

---

[2] The Court twice extended the plaintiff's time to file opposition papers to the defendants' motion to dismiss.  The plaintiff failed to submit a response by the final February 25, 2015, deadline.  Accordingly, the Court must decide this motion based on the papers in its possession, namely the Complaint and attached documents, and the defendants' motion to dismiss.

4

plausibly alleged that he was denied medical care, in view of the fact that the medical records incorporated into the Complaint contradict the allegation that he did not receive "chemotherapy or any type of medical care."

The plaintiff has attached to his Complaint various documents, including his prison medical records.  See Compl., Unnumbered Ex. 6 ("Medical Records").  According to the plaintiff's medical records, medical personnel conducted an intake examination of the plaintiff on August 22, 2013, at which time his diagnosis of colon cancer was documented and the need for "evaluation, [counselling] and care" was identified.  See Medical Records, at 6.  Subsequently, medical personnel at NIC treated the plaintiff numerous times, prescribed various medications for a number of ailments, and gave extensive referrals to other medical providers, including several references to the Bellevue Oncology Clinic.  See Medical Records, at 1-6.  The plaintiff's treatment at Bellevue included inpatient care and surgery for his colon cancer.  Id. Therefore, even applying the most liberal pleading standards, the plaintiff's allegation that he did not receive medical care is not plausible because it is contradicted by the documents on which he relies.

B.

The defendants also argue that the plaintiff's allegations are vague and conclusory and that he has not provided sufficient facts to support a claim that his constitutional rights were violated. Specifically, the defendants assert that the plaintiff has not pleaded that either defendant acted with deliberate indifference to his serious medical needs and therefore cannot maintain a civil rights claim for deprivation of medical care.

To state a claim under § 1983, a plaintiff must allege that defendants, while acting under color of state law, denied the plaintiff a constitutional or federal statutory right. See West v. Atkins, 487 U.S. 42, 48 (1988); Ruggiero v. Krzeminski, 928 F.2d 558, 562 (2d Cir. 1991). The Eighth Amendment's prohibition against cruel and unusual punishment has been construed to include the denial of adequate medical care to prison inmates. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, a generalized claim that an inmate was denied access to medical treatment is not enough. See Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 309 (S.D.N.Y. 2001). In order to allege an Eighth Amendment violation on the basis of a failure to provide adequate medical treatment, a prisoner must plausibly allege that the charged officials were deliberately

indifferent to the prisoner's serious medical needs.  See Estelle, 429 U.S. at 106; Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Rush, 923 F. Supp. 2d at 554.

A deliberate indifference claim consists of two elements. The first element is objective and requires that the prisoner allege a "sufficiently serious" deprivation of medical assistance.  The second element is subjective and requires that the prisoner allege that the charged officials acted with a sufficiently culpable state of mind.  See, e.g., Farmer, 511 U.S. at 834; Chance, 143 F.3d at 702; Seymore v. Dep't of Corr. Servs., No. 11cv2254, 2014 WL 641428, at *3 (S.D.N.Y. 2014); Rush, 923 F. Supp. 2d at 554.[3]

With respect to pleading an objective deprivation, a deprivation is deemed serious if "a condition of urgency, one that may produce death, degeneration, or extreme pain" exists. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  In this case, the plaintiff has pleaded that he suffers from colon cancer and the defendants do not dispute that colon cancer constitutes an objectively serious medical condition in the context of a § 1983 claim.

---

[3] It is unclear if the plaintiff was a pre-trial detainee or had been convicted of an offense.  The Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment applies to pre-trial detainees, but the standard for deliberate indifference to serious medical needs is the same. See Seymore, 2014 WL 641428, at *2-3.

With respect to showing a subjectively culpable state of mind, the prisoner must plausibly allege that the official knew of the prisoner's serious need and deliberately disregarded it. See, e.g., Farmer, 511 U.S. at 837; Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003); Rush, 923 F. Supp. 2d at 554.  Here, the plaintiff alleges that he did not receive "chemotherapy or any type of medical care" for his colon cancer and that the defendants all together neglected his physical health.  See Compl. ¶ II.D.  Neither of these allegations is sufficient to state a claim for deliberate indifference to the plaintiff's medical needs because neither allegation indicates that the defendants acted with a sufficiently culpable state of mind. See Farmer, 511 U.S. at 834; Seymore, 2014 WL 641428, at *5.

To the extent that the plaintiff alleges that his colon cancer was not timely treated with chemotherapy, that conduct falls short of a constitutional violation.  Absent a showing of "culpable recklessness" by the physician, disagreements over forms of treatment or the timing of intervention implicate medical judgments that do not give rise to an Eighth Amendment violation.  See Chance, 143 F.3d at 703; United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867-68 (2d Cir. 1970); Sonds, 151 F. Supp. 2d at 311-12; McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988).  At most, the plaintiff alleges that the defendants acted negligently in the way in which they treated

8

his cancer.  However, to state a claim for deliberate indifference to medical needs, it is not enough for a plaintiff to allege that officials acted negligently.  See, e.g., Estelle, 429 U.S. at 105-06 ("[Because] an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." (internal quotation marks omitted)).  The plaintiff here has provided no factual allegations that his treatment deviated from reasonable medical practice, much less that the defendants acted with a culpable state of mind in making treatment decisions.  Accordingly, the plaintiff has failed to state a claim that the defendants were deliberately indifferent to his serious medical needs.

CONCLUSION

The Court has considered all of the arguments raised by the defendants. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss the plaintiff's Complaint is **granted** and the Complaint is **dismissed** with prejudice. **The Clerk is directed to close Docket No. 20, to enter judgment, and to close this case.**

SO ORDERED.

Dated: New York, New York
June 2, 2015

_____/s/_____
John G. Koeltl
United States District Judge